**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHELE COZZOLINO,**

    Plaintiff

v.                                                                          Case No. 8:24-cv-01349-AAS

**KRISTINE STAFF,**

    Defendant.
_____/

## ORDER

The parties move for the court to approve their proposed settlement of the Fair Labor Standards Act (FLSA) claims. (Doc. 36). Plaintiff Michele Cozzolino also requests that the court retain jurisdiction to determine counsel's recoverable attorney's fees and costs. (Doc. 37). Defendant Kristine Staff does not oppose this request. (*Id.*, p. 4).

A claim brought under the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–1353 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and

1

the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute about FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for overtime wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted).

In this action, Ms. Cozzolino requests unpaid overtime wages in connection with her alleged employment with Ms. Staff. (Doc. 1). To resolve the litigation, the parties agreed to a settlement, which was submitted for review. (Doc. 36-1). The parties' FLSA Settlement Agreement provides for payment of Ms. Cozzolino's overtime compensation and liquidated damages. It also provides that Ms. Cozzolino, on motion, may be awarded her attorney's

2

fees and costs separately.

Within the proposed settlement agreement, the parties included a release of FLSA claims by Mr. Cozzolino. (*Id.*). As some courts have found, a non-cash concession by a plaintiff, such as a release clause or confidentiality provision, does not destroy the compensation guaranteed by the FLSA. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-ACC-DAB, 2012 WL 933057, at *5–6 (M.D. Fla. Mar. 5, 2012), report and recommendation adopted, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). Here, approval of Ms. Cozzolino's choice to accept a release as a non-cash condition as part of their settlement, made with the benefit of the advice of counsel, is appropriate under the standard in *Lynn's Food*. *See Jarvis*, 2012 WL 933057, at *6 (citing *Lynn's Food*, 679 F.2d at 1350), report and recommendation adopted, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

After consideration of the proposed settlement agreement, the court concludes the settlement is a fair and reasonable resolution of the parties' FLSA dispute. *See Lynn's Food*, 679 F.2d at 1353–55.

Accordingly, it is **ORDERED** that:

1. The parties' Joint Motion for Order Approving Settlement (Doc. 36) is **GRANTED**. The settlement agreement (Doc. 36-1) is accepted, adopted, and approved by the court, and the parties are ordered to execute the settlement agreement and comply with the terms of

3

the executed settlement agreement; and

2.  Ms. Cozzolino's unopposed motion to retain jurisdiction for determining attorney's fees and costs (Doc. 37) is **GRANTED**.

**ENTERED** in Tampa, Florida, on January 7, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4